IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DONNA CRESSELL                                                              PLAINTIFF

vs.                                    Civil No. 4:18-cv-04164

COMMISSIONER, SOCIAL                                                        DEFENDANT
SECURITY ADMINISTRATON

**MEMORANDUM OPINION**

Donna Cressell ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background:**

Plaintiff protectively filed her disability application on June 17, 2015. (Tr. 50). In this application, Plaintiff alleges being disabled due to heart disease, rheumatoid arthritis in her left knee, high blood pressure, high cholesterol, chronic back pain, and carpal tunnel syndrome in both hands. (Tr. 231). Plaintiff alleges an onset date of June 1, 2009 but later amended that alleged

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___" The transcript pages for this case are referenced by the designation "Tr" and refer to the document filed at ECF No. 11. These references are to the page number of the transcript itself not the ECF page number.

onset date to June 20, 2016. (Tr. 50). This application was denied initially and again upon reconsideration. (Tr. 103-131).

After Plaintiff's application was denied, Plaintiff requested an administrative hearing on this application, and this hearing request was granted. (Tr. 68-102). On August 21, 2017, the SSA held an administrative hearing in Shreveport, Louisiana. (Tr. 68-102). At this hearing, Plaintiff was present and was represented by Imogene MacDonald. *Id.* Plaintiff and Vocational Expert ("VE") Ivory Youngblood testified at this hearing. *Id.*

On May 25, 2018, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's application. (Tr. 47-67). The ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2018. (Tr. 52, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since June 20, 2016, her amended alleged onset date. (Tr. 53, Finding 2). The ALJ found Plaintiff had the following severe impairments: degenerative disc disease (DDD) of the cervical and lumbar spines, fibromyalgia, status post ST-elevation myocardial infarction (STEMI), hypertension, bilateral carpal tunnel syndrome status post right carpal tunnel release and atypical chest pain. (Tr. 53-54, Finding 3). Despite being severe, the ALJ also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 54, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 25-32, Finding 5). Specifically, the ALJ found Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20

CFR 404.1567(b) except she can occasionally climb ramps and stairs; cannot climb ladders, ropes or scaffolds; can occasionally balance, kneel, stoop, crouch and crawl; can occasionally reach overhead and can, otherwise, frequently reach, handle and finger.

*Id.*

The ALJ evaluated her Past Relevant Work ("PRW"). (Tr. 58-59, Finding 6). The VE testified at the administrative hearing regarding this issue. *Id.* Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform her PRW as a housekeeper/cleaner (light, unskilled). *Id.*

The ALJ also determined Plaintiff retained the capacity to perform other occupations in significant numbers in the national economy, including the following: (1) short order cook (light, semi-skilled) with approximately 112,786 such jobs nationally; (2) counter clerk (light, unskilled) with approximately 255,787 such jobs nationally; (3) usher (light, unskilled) with approximately 33,961 such jobs nationally; and (4) house sitter (light, unskilled) with approximately 28,350 such jobs nationally. (Tr. 59).

Because Plaintiff retained the capacity to perform her PRW and could perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from June 20, 2016 through the date of his decision on May 31, 2018. (Tr. 59, Finding 7).

Plaintiff requested the Appeals Council's review of the ALJ unfavorable disability determination. On November 17, 2018, the Appeals Council declined to review the ALJ's disability determination. (Tr. 1-7). On December 10, 2018, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on December 11, 2018. ECF No. 5. This case is now ready for decision.

2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 13 at 1-19. Specifically, Plaintiff raises two arguments for reversal: (A) the ALJ erred in assessing Plaintiff's RFC at the light exertional level; and (B) the ALJ erred in his credibility assessment. *Id.* The Court will address both arguments.[2]

---

[2] It appears Plaintiff also claims her impairments meet the requirements of Listing 1.04. ECF No. 13 at 6. Plaintiff, however, has provided no analysis of this Listing or the applicable law or made any demonstration as to how her impairments meet those requirements. Thus, the Court will not address this issue further. *See Vandenboom v. Barnhart,* 421 F.3d 745, 750 (8th Cir. 2005) (rejecting a claimant's argument "out of hand" where he made the "conclusory assertion that the ALJ failed to consider whether he met listings 12.02 or 12.05C because Vandenboom provides no analysis of the relevant law or facts regarding these listings").

### A. Plaintiff's RFC

Plaintiff claims the ALJ erred in assessing her RFC. ECF No. 14 at 2-15. Upon review, the Court finds the ALJ's RFC determination is supported by substantial evidence in the record, and the Court finds no basis for reversal on this issue. An ALJ's determination of a claimant's RFC is based on all the evidence in the record, including "the medical records, observations of treating physicians and others, and an individual's description of [her] limitations." *Krogmeier v. Barnhart,* 294 F.3 1019, 1024 (8th Cir. 2002).

Consistent with the evidence of record, the ALJ found Plaintiff retained the capacity to perform light work with limitations. Plaintiff claims her back pain causes her to be disabled, but her treatment records reflect she has normal muscle strength and range of motion in both arms and legs. (Tr. 1260). Indeed, Plaintiff has supplied no evidence to establish the ALJ's decision is not supported by substantial evidence in the record. As such, this claim should be dismissed.

### B. ALJ's Credibility Assessment

Plaintiff claims the ALJ erred in assessing her credibility. ECF No. 13 at 15-19. Plaintiff claims "the ALJ [improperly] summarized Plaintiff's medical records and discounted her subjective complaints because they were not supported by the objective medical records." *Id.* In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[3] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).

---

[3] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these

The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

---

additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

In the present action, the Court finds the ALJ fully complied with the requirements of *Polaski*. (Tr. 57-58). Notably, while the ALJ did consider Plaintiff's medical records, the ALJ also considered Plaintiff's daily activities, Plaintiff's failure to "show up" for physical therapy for her back pain, and Plaintiff's treatment in his decision to discount Plaintiff's subjective complaints. *Id.* Thus, the Court finds Plaintiff has provided no basis for reversal on this issue.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds no basis for reversing the decision of the ALJ. As such, it is affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 20th day of November 2019.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE